IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN D. MOORE, 36285-177, | ) | |
|     Movant, | ) | No. 3:19-cv-2919-O (BT) |
| | ) | No. 3:07-cr-0125-O (BT) |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Movant filed this petition to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. For the following reasons, the Court transfers the petition to the Fifth Circuit Court of Appeals as successive.

I.

Movant was convicted of transporting child pornography, in violation of 18 U.S.C. §2252(a)(1) and (b)(1), and possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). He was sentenced to 240 months on Count One and a consecutive 120 month term on Count Two, for an aggregate sentence of 360 months in prison. On March 26, 2010, the Fifth Circuit Court of Appeals affirmed Movant's conviction and sentence. On October 4, 2010, the Supreme Court denied Defendant's petition for writ of certiorari.

On September 26, 2011, Movant filed his first § 2255 petition, which the Court denied on July 31, 2013. *Moore v. United States*, No. 3:11-cv-2540-O (N.D. Tex.). On March 5, 2014, the Fifth Circuit denied Movant's motion for a certificate of appealability. On July 7, 2015, Movant filed his second § 2255 petition, which the Court transferred to the Fifth Circuit as successive.

*Moore v. United States*, No. 3:15-cv-3198-O (N.D. Tex.).

On December 9, 2019, Movant this § 2255 petition. He claims he has newly discovered evidence that his counsel failed to inform him of a plea offer.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before petitioner files his motion in district court. 28 U.S.C. §§ 2241 and 2255.

The Fifth Circuit has not issued an order authorizing this Court to consider the successive petition. The Court therefore TRANSFERS this petition to the Fifth Circuit Court of Appeals pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 13th day of December, 2019.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**